NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WILLIAM H. COMINGS, PETITIONER, v. FRANK H. COM-
INGS ESTATE, RESPONDENT.

Decided July 10, 1942.

For the petitioner, *Morris Downing* (*Willis H. Sherred*, of counsel).

For the respondent, *Wilbur A. Stevens* (*Charles Shenier*, of counsel).

\*　　\*　　\*　　\*　　\*　　\*　　\*

The sole question in dispute is whether or not petitioner was an employee as defined by the Workmen's Compensation Act and thereby entitled to its benefit.

The respondent, designated as William H. Comings administrator of the estate of Frank H. Comings, deny such a relationship.

There is no dispute as to the facts and it was stipulated as to the accident and notice.

The petitioner, a farm hand, was employed by his father for a number of years as a farm hand at a salary of $50 per month, room and board. Due to his father's illness for a number of years prior to May, 1941, when he died, the petitioner had sole supervision and the management of the farm.

The father died intestate leaving a widow, a daughter and a son, the petitioner.

By agreement of the widow and the daughter, the petitioner was granted letters of administration by the surrogate of Sussex County. It was further agreed by the interested parties that the petitioner would manage the farm as heretofore.

In accordance with this agreement, petitioner carried out the duties of his vocation. In the handling of moneys or any income from the farm, he kept separate books and bank accounts. One account being in his name as administrator and the other a personal account in which he deposited his personal funds.

On July 27th, 1941, he met with an accident while engaged in his regular duties.

Was petitioner an employee?

An employee under the act and the decisions is one "synonymous with servant." In order for the relationship to exist there must be a valid contract of service together with the right or power in the employer to control the employee with respect to the transaction out of which the injury arose.

R. S. 3:37-1; N. J. S. A. 3:37-1—Dower: estate of, provides that the widow of a person dying intestate or otherwise shall be endowed, for the term of her natural life, of the one full and equal half part of all real estate whereof her husband was seized.

Prior to December 31st, 1928, the dower right was one-third.

Regardless of the widow's dower interest, the son and daughter take the balance as tenants in common, each entitled to an equal one-half of the remainder.

As administrator, the petitioner is not entitled to compensation as an "employee." He is not an employee of the beneficiaries of the estate.

As a co-tenant in common, no master servant relationship is established. Aside from any agreement, one co-tenant is not permitted to derive profit from the tenancy without sharing it with his co-tenants. The mere fact that this is con-

firmed by oral agreement does not constitute him an "employe" of the others in absence of the agreement so providing and changing the relationship of co-tenant to master and servant.

I am, therefore, holding that the petitioner was not an employee as defined by the act.

JOHN C. WEGNER,
*Deputy Commissioner.*